Benjamin F. Wheeler, Respondent, *v.* Sarah J. Eastwood, as Administratrix, etc., of Josiah K. Eastwood, Deceased, Appellant.

*Instrument in writing — when it is a bill of sale and not a chattel mortgage — scrutiny of claims against the estate of a decedent.*

An instrument in writing recited that the first party named therein, in consideration of a specified sum paid to him at or before the execution of the instrument by the second party thereto, the receipt whereof was acknowledged, had bargained and sold to the second party certain property, and that the property so transferred was in the possession of the first party. The instrument contained no promise or agreement to pay any sum of money to the second party.

*Held*, that the instrument was a bill of sale and not a chattel mortgage.

Where one of the parties to a written contract is dead, claims arising thereunder made by the other party thereto against his estate should be scrutinized with great care, and should be rejected unless they are sustained by very clear and competent evidence.

Appeal by the defendant, Sarah J. Eastwood, as administratrix, etc., of Josiah K. Eastwood, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Wyoming on the 28th day of July, 1894, upon the report of a referee.

*John F. Dorthy*, for the appellant.

*Charles D. Newton*, for the respondent.

Lewis, J. :

This was a reference under the statute of a claim made by the plaintiff against the estate of Josiah K. Eastwood, deceased. Eastwood died in October, 1892. The defendant was appointed administratrix of the estate. The plaintiff, in the month of November, 1893, presented to the defendant a claim against the Eastwood estate for $296.85, consisting of the following items :

```
"1892, Sept.  5, to money loan ....................  $250 00
       "   17,    "      "    ....................    27 85
       Oct.  4,   "      "   services and labor ....  19 00"
```

The claim was rejected by the administratrix and was duly referred, and the referee found as facts that on the 5th day of Sep-

tember, 1892, the deceased, Josiah K. Eastwood, executed and delivered to the plaintiff a bill of sale of personal property, consisting of a one-fourth interest in some cordwood, farm products, buggy, etc., to secure the payment of the sum of $250, and that thereafter and in November, 1893, Eastwood having died and the defendant Sarah having been appointed administratrix, a written agreement was made between the plaintiff and the administratrix and one Frank C. Eastwood, by which the property described in the said bill of sale or chattel mortgage for the security of the plaintiff was discharged, but leaving the question of a claim under the said bill of sale to the extent of $250 with some other items of account against said estate unsettled, which were to be referred according to law, and that no part of the $250 had been paid, and he found as a conclusion of law that the plaintiff was entitled to recover against the defendant, as administratrix, said sum of $250.

The referee assumes, without evidence to sustain the assumption, that the instrument was intended as a chattel mortgage.

The evidence, we think, fails to sustain the conclusions of the referee, but on the contrary it tends quite conclusively to show that the bill of sale, upon which the referee bases his findings, was not given by the deceased to the plaintiff to secure to him the payment of any sum of money whatever, but was given through the advice of the plaintiff for the purpose and with the intention of preventing a Mr. Herron from collecting a grocery bill he had against Eastwood, and for the collection of which Herron had brought suit against Eastwood. The bill of sale bore date September 5, 1892. It recites that the deceased, in consideration of the sum of $600, paid to him at or before the execution of the instrument by Benjamin F. Wheeler, the receipt whereof is hereby acknowledged, has bargained and sold to Wheeler a buggy and harness and a quarter interest in some farm products; that the property so transferred was in the possession of Eastwood upon his farm in Wyoming county.

The instrument was a simple bill of sale. It in terms acknowledges the payment of the consideration for the property sold. It contains no promise or agreement to pay any sum of money to the plaintiff. Claims of this character presented against estates should be examined, before they are allowed, with great care. One of

the parties to the contract being dead, claims made arising thereunder should be scrutinized with great care and should be rejected unless they are sustained by very clear, competent evidence. The plaintiff was permitted without objection to testify to personal transactions with the deceased.

This evidence, it is claimed, tended to sustain his cause of action. This evidence would undoubtedly have been excluded had it been objected to, but, we think, giving full credit to it, it fails to satisfactorily sustain plaintiff's claim. It was fairly established upon the trial that the bill of sale mentioned was executed by the deceased by the suggestion and through the connivance of the plaintiff, with the intention of hindering and preventing the collection of a claim against him in favor of a Mr. Herron.

An action had been commenced by Herron against the deceased just prior to the date of the bill of sale, and was then pending undetermined to collect a grocery bill the deceased owed him. The testimony of Mr. and Mrs. Hume as to conversations between the deceased and plaintiff at the time of the execution of the bill of sale, pretty clearly establish that it was given to cover up the property so as to prevent the collection of the grocery bill.

There was evidence tending to show that the plaintiff was not in a condition financially, at the time the bill of sale was given, to loan Eastwood money to any amount. Mrs. Hume testified that shortly before its execution the plaintiff came to the deceased's house to live; that he was without means; that all that he had was a " piece pail " and a pair of overalls. Mr. Manchester testified that plaintiff did not have money enough to pay his fare to Hornellsville and that he furnished him a ticket. Michael Penston, a hotelkeeper, testified that the plaintiff was working for him about the hotel; that " he wasn't any good around the hotel tending bar, so I put him in the barn and he wasn't any good there, and after the fair I let him go; I paid him somewhere about $18 or $19 for labor."

Plaintiff testified : " I have been confined in the jail at Warsaw and am not ashamed of it either ; I refused to pay costs on an execution."

The plaintiff and the deceased appear, from the evidence, to have had some real estate dealings. In the month of November, 1893, after the appointment of Mrs. Eastwood as administratrix, a settle-

ment was had between the plaintiff and Eastwood's representatives, which resulted in a written agreement being executed, dated the 13th day of November, 1893, which recites that, " Whereas, divers disputes have arisen between the parties hereto, growing out of transaction* had between the party of the first part and Josiah K. Eastwood; " then follow some conditions as to the transfer of property between the parties, and then it states: " The parties of the second part (the administratrix and Frank C. Eastwood) agree to pay the interest on said Halstead mortgage and pay the first party (the plaintiff), $350; upon receipt of which $350 the party of the first part agrees to release and discharge said parties of the second part and the estate of said Josiah K. Eastwood, deceased, from all bills of sale, chattel mortgages, damages, bonds, notes and liabilities of every kind which he may have against said estate of Josiah K. Eastwood, deceased, or these parties individually, except an account of $296.85 which he claims against said estate, which is to be referred under the statute for disputed claims."

The administratrix paid to the plaintiff this $350.

It is stated in the record that it was admitted by the plaintiff that the bill of sale heretofore mentioned was canceled by this agreement. Notwithstanding this admission, the referee has found that it was not in fact canceled, but that there was due thereon from the estate to the plaintiff $250.

Not much attention seems to have been paid to the rules of evidence upon the trial, resulting undoubtedly from the failure of the defendant's counsel to interpose proper objections.

An examination of the case has satisfied us that the plaintiff's alleged claim is fictitious and without any merit, and that the judgment appealed from should be reversed and a new trial had before another referee, with costs to abide the final award of costs.

DWIGHT, P: J., and BRADLEY, J., concurred; WARD, J., not sitting.

Judgment reversed and a new trial granted before another referee, costs to abide the event.

---

\* *Sic.*